Luz María San Antonio, demandante y apelante, *v.* Jiménez & Fernández, Sucrs., y Eagle Indemnity Company, demandadas y apeladas.

Núm. 8729.—*Sometido:* Junio 14, 1943. *Resuelto:* Junio 18, 1943.

*F. Fernández Cuyar*, abogado de la apelante; *E. Martínez ·Rivera*, abogado de las apeladas.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se solicita la desestimación del recurso de apelación interpuesto en este caso porque a juicio de la parte apelada esta corte no ha adquirido jurisdicción para conocer del mismo por no haberla colocado la apelante en iguales condiciones que aquellas en que se encontraba la corte inferior al dictar la sentencia recurrida.

Veamos cuáles son los hechos. Luz María San Antonio demandó a Jiménez & Fernández, Sucrs., y a Eagle Indemnity Company en reclamación de $7,500 por concepto de daños y perjuicios sufridos por la demandante al ser arrollada y lesionada por una guagua de la primera de las demandadas asegurada por la segunda.

Contestaron las demandadas. Fué el pleito a juicio y la corte lo falló por sentencia declarando la demanda con lugar y condenando a las demandadas a satisfacer a la demandante mil doscientos cincuenta dólares en pago total de los daños y perjuicios sufridos por la misma.

La demandante apeló manifestando en su escrito que "no estando conforme con la cuantía de los daños que le fué concedida en la sentencia . . . . apela de dicha sentencia en cuanto concierne a la cuantía de la misma," y para perfeccionar su apelación solicitó que se dictara "una orden dirigida al taquígrafo que actuó durante la vista de este juicio, señor Arroyo, ordenándole que proceda a preparar una transcripción fiel y exacta de la evidencia practicada por la demandante sobre los daños sufridos por ella como conse-

cuencia del accidente de que fué víctima, debiendo limitarse la transcripción a los testimonios de la propia demandante y del Dr. J. Noya Benítez. Dicha transcripción debe incluir, en cuanto se refiere a los testimonios indicados, todos los actos, manifestaciones, objeciones y excepciones de ambas partes, así como todas las órdenes o resoluciones dictadas por el tribunal en relación con dichos dos testimonios,'' resolviendo la corte sentenciadora de conformidad.

La transcripción fué preparada en efecto por el taquígrafo, notificada con copia a los abogados de ambas partes y aprobada y certificada por el juez de distrito de acuerdo con la ley. Junta con el legajo de la sentencia se radicó en esta Corte Suprema en abril 27, 1943.

Así las cosas, la parte apelada en mayo siete siguiente presentó la moción de desestimación, cuya vista se celebró el catorce de junio actual con asistencia e informe de los abogados de ambas partes.

██ Para sostener su moción invocan las apeladas lo que sigue de lo dispuesto en el artículo 299 del Código de Enjuiciamiento Civil como fué enmendado por la Ley núm. 111 de mayo 5, 1939 ((1) pág. 575), a saber:

"Archivada que sea una apelación contra una sentencia de una corte de distrito, la parte apelante, dentro de los diez (10) días siguientes a la radicación de ese escrito deberá presentar y radicará en poder del secretario de la corte de cuya sentencia, orden o resolución se hubiere apelado, un escrito solicitando que se haga y prepare la transcripción de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas, y de todas las resoluciones, actos o manifestaciones de la corte, así como de todas las objeciones y excepciones de los abogados y cuestiones o materias que con la misma se relacionen.

"Al recibir dicho escrito, será el deber de la corte ordenar al taquígrafo de la misma que transcriba fiel y completamente las notas taquigráficas del juicio. . . . El día fijado para su aprobación, el juez la examinará y cuidará de que la misma sea una copia exacta, verdadera y justa de los procedimientos que tuvieron lugar durante el juicio, de las declaraciones ofrecidas y tomadas, de las pruebas

·ofrecidas y practicadas, actos y manifestaciones de la corte, así como de todas las objeciones y excepciones de los letrados y de la materia a que las mismas se refieren. En dicho acto, las partes podrán solicitar la inclusión de todos aquellos documentos, constancias o particulares que deban unirse a la misma de acuerdo con las resultancias del litigio, para su mayor exactitud. El juez entonces certificará la fidelidad y corrección de dicha transcripción, y cuando sea así aprobada, constituirá y formará parte del legajo de la sentencia.''

Y alega que en todos los casos, sin excepción, para que el recurso se entienda debidamente perfeccionado, es necesaria la transcripción completa de los autos, no de una parte de los mismos.

La parte apelante impugnó la moción e invocó en su favor la regla 40 *a* de este tribunal que, en lo pertinente, dice:

''*Y disponiéndose, además,* que en los casos en que solamente se desee que se revisen determinadas resoluciones de la corte con respecto a la prueba, no será necesario incluir ésta en toda su integridad sino aquella parte de la misma que séa indispensable para revisar correctamente dicha resolución.''

Las apeladas sostuvieron que la regla que cita la apelante quedó sin efecto por ser contraria al mandato legislativo que contiene el artículo 299 del Código de Enjuiciamiento Civil como rige en la actualidad.

Creemos que no tienen razón las apeladas. Según la prescripción expresa del artículo 296 del propio Código de Enjuiciamiento Civil, podrá apelarse de la totalidad de la sentencia o de una parte de la misma, y lo prescrito por el legislador en el siguiente artículo 299 enmendado en 1939 para perfeccionar el recurso, debe interpretarse en armonía con la disposición fundamental, básica, anterior.

La ley no requiere cosas inútiles. Cuando se apela de la sentencia, todo el récord es necesario, pero cuando se apela de una parte de la sentencia, el récord completo de que habla la ley debe entenderse que lo es el que abarca esa parte únicamente, a menos que se trate de un caso en que la parte no se pueda segregar del todo.

No sólo sería inútil incluir en la transcripción lo innece-- sario, si que lo único que se lograría con ello sería dilatar los procedimientos, dificultar la resolución de los asuntos y elevar el costo de los litigios, todo contrario a los principios que informan una buena administración de la justicia.

Siendo ésa nuestra interpretación de la ley y no habién-- dose demostrado por las apeladas ni habiendo llegado hasta ahora esta corte por sí misma a la conclusión de que lo in- cluído en la transcripción no sea todo lo que se necesita para resolver el recurso, claro es que no procede su desestima- ción. *La moción de las apeladas debe, en su consecuencia, declararse sin lugar.*